**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson**

Civil Action No. 17-cv-02645-RBJ

ZEN MAGNETS, LLC,

    Plaintiff,

v.

UNITED STATES OF AMERICA
CONSUMER PRODUCT SAFETY COMMISSION,

    Defendant.
_____

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**
_____

Plaintiff Zen Magnets, LLC ("Zen"), through counsel and pursuant to Fed. R. Civ. P. 59(e), respectfully requests this Court alter or amend its Order on Cross-Motion for Summary Judgment issued June 12, 2018, and as grounds therefor states:

### INTRODUCTION

In its Order, the Court found: (1) that the Consumer Product Safety Commission's ("Commission") Final Decision and Order ("FDO") "withstands [Administrative Procedure Act] review," Order at 19; (2) that Zen's "due process rights were violated because Zen was deprived of a fair and impartial tribunal in [the Commission's] appeal of the Initial Decision and Order," *id*. at 30-31.

Zen asks that this Court alter or amend its Order to find that: (1) because the Court found that the Commission violated Zen's constitutional due process rights it was compelled by statute to set aside the Commission's action, findings, and conclusions pursuant to the APA, as well; and

1

(2) because the Court found the Commission's conduct to be unconstitutional, and because the Court remanded the matter to the Commission, any decision of Zen's arbitrary and capricious claim constitutes an advisory opinion.

## COMPLIANCE WITH LOCAL RULE 7.1(a)

Pursuant to D.C.COLO.L.CivR 7.1(a), Plaintiff's counsel contacted counsel for the Commission, Roger Gural, who stated that the Commission objects to any motion to reconsider.

## DISCUSSION

In its Complaint (ECF No. 1), Zen alleged that the Commission violated 5 U.S.C. § 706(2)(B) by violating Zen's constitutional due process rights. *See* Zen's Second Claim for Relief, ECF No. 1 at ¶¶ 147-152 (alleging that the FDO violated the APA because it was contrary to Zen's constitutional rights). 5 U.S.C. § 706(2)(B) provides:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall . . . (2) hold unlawful and set aside agency action, findings, and conclusions found to be . . . (B) contrary to constitutional right, power, privilege, or immunity. . . .

Because the Court found that the Commission's issuance of the FDO was contrary to Zen's constitutional rights, it was required by 5 U.S.C. § 706(2)(B) to also find that the Commission's agency action, *i.e.*, the FDO, along with the Commission's findings and conclusions in the FDO, were unlawful and must be set aside pursuant to the APA. *See Latif v. Holder*, 28 F. Supp. 3d 1134, 1163 (D. Or. 2014) ("Because the Court has already concluded the DHS TRIP process violates Plaintiffs' procedural due-process rights, the Court also concludes the DHS TRIP process violates § 706(2)(B) of the APA."); *Direct Communs. Cedar Valley, LLC v. FCC*, 753 F.3d 1015,

1041 (10th Cir. 2014) ("The APA also compels us to '[set aside agency action, findings and conclusions found to be . . . contrary to constitutional right.'") (quoting 5 U.S.C. § 706(2)(B)).

Zen understands that this Court vacated the FDO in its Order issued on June 12, 2018. However, the Order is not clear regarding whether the Court was simply vacating the Commission's agency action (the FDO), or was setting aside and finding unlawful the Commission's findings and conclusions in the FDO, as well. *See* Order at 19 ("the FDO withstands APA review"). Once the Court found that the Commission violated Zen's constitutional rights in the administrative appeal process, the APA mandates that the Court set aside the findings and conclusions set forth in the FDO. *See* 5 U.S.C. § 706(2)(B).

Zen further contends that the Court need not have found whether the Commission's findings and conclusions in the FDO were arbitrary and capricious once it found that those same findings and conclusions were made in violation of Zen's due process rights. A reviewing court should decline to rule on constitutional questions unless necessary, *see Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994). Here, it was necessary for the Court to rule on the constitutionality of the Commission's actions as part of Zen's claim under 5 U.S.C. § 706(2)(B).

Moreover, because the Court remanded the matter to the Commission to allow Complaint Counsel's appeal to proceed in such a way that would comport with Zen's Fifth Amendment rights, it was unnecessary for the Court to conduct a full arbitrary and capricious analysis, as that matter was mooted by the Court's own findings. *See c.f. American Cyanamid Co. v. FTC*, 363 F.2d 757, 772 (6th Cir. 1966) (passing on the substantial evidence inquiry because the court was remanding the matter to the FTC to have the offending commissioner recuse himself from the proceedings);

*Olenhouse*, 42 F.3d at 1580 (explaining that the court was declining to reach the plaintiff's constitutional claims because it was reversing the agency's action on other grounds); *Rosenberg v. Fleuti*, 374 U.S. 449 (1963) (cited in *Olenhouse*) (noting at the outset *why* it was not going to reach the constitutionality question: "we have concluded that there is a threshold issue of statutory interpretation in the case, the existence of which obviates [a] decision here as to whether § 212 (a)(4) is constitutional as applied to respondent.").

But, beyond it being unnecessary to decide Zen's arbitrary and capricious argument, regardless of whether the Court alters or amends its Order to find that the Commission violated 5 U.S.C. § 706(2)(B), the Court's discussion of whether the Commission's FDO was arbitrary and capricious constituted an advisory opinion once the Court held that the Commission violated Zen's due process rights and remanded the matter to the Commission: It called for the Court to answer the hypothetical question of whether the Commission's actions, findings, and conclusion *would have been* arbitrary and capricious had the Commission not violated Zen's due process rights.

As is well settled, a federal court "should not render decisions absent a genuine need to resolve a real dispute." *Lehn v. Holmes*, 364 F.3d 862, 876 (7th Cir. 2004) (quoting 13A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3532.1 at 114 (2nd ed. 1984)). "It has long been its considered practice not to decide abstract, hypothetical or contingent questions. . . ." *Vorbeck v. Schnicker*, 660 F.2d 1260, 1264 (8th Cir. 1981) (quoting *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 461 (1945)).

As soon as the Court found that the Commission's action violated Zen's due process rights, the question of whether the Commission's action was also arbitrary and capricious became both hypothetical and moot. As such, this Court was without constitutional authority to opine on the

4

question of whether the Commission's unconstitutional conduct would have passed muster under the arbitrary and capricious standard, especially because the Court remanded the matter to the Commission based not on the finding that the Commission's FDO was arbitrary and capricious, but because the Commission violated Zen's Fifth Amendment rights. *See Norvell v. Sangre de Cristo Development Co., Inc.*, 519 F.2d 370, 375 (10th Cir. 1975) ("Judicial restraint should be exercised to avoid rendition of an advisory opinion."); *id*. ("It is fundamental that federal courts do not render advisory opinions and that they are limited to deciding issues in actual cases and controversies. U.S. Const. art. 3, § 1 et seq.").

WHEREFORE, Zen respectfully requests that this Court alter or amend its judgment to find that the Commission's findings, conclusions, and agency action were unlawful and must be set aside pursuant to 5 U.S.C. § 706(2)(B), and that a substantive discussion on Zen's arbitrary and capricious claim would constitute an advisory opinion.

DATED this 10th day of July, 2018.

RESPECTFULLY SUBMITTED,

LEVIN JACOBSON JAPHA, P.C.

S/ David C. Japha
950 South Cherry Street, Ste. 912
Denver, CO 80246
(303) 964-9500; (303) 504-4242
Fax: 1-866- 260-7454
email: davidjapha@japhalaw.com; djapha@ljjlaw.com
Attorney for the Plaintiff Zen Magnets, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses: Roger.Gural@usdoj.gov

s/ David Japha