**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson**

Civil Action No. 17-cv-02645-RBJ

ZEN MAGNETS, LLC,

    Plaintiff,

v.

UNITED STATES OF AMERICA
CONSUMER PRODUCT SAFETY COMMISSION,

    Defendant.

_____

**PLAINTIFF'S REPLY TO THE CPSC'S OPPOSITION TO
ZEN'S MOTION TO ALTER OR AMEND JUDGMENT**
_____

Plaintiff Zen Magnets, LLC ("Zen"), through counsel, replies to the Consumer Product Safety Commission's (the "Commission") opposition to Zen's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) as follows:

**Legal Standard**

In its Motion (ECF No. 55), Zen asks this Court to correct two errors of law: (1) The Court was required to find the Commission violated 5 U.S.C. § 706(2)(B) after concluding that the Commission violated Zen's due process rights in issuing its FDO; and (2) that the Court erred by answering the hypothetical question of whether the Commission's actions, findings, and conclusion would have been arbitrary and capricious had the Commission not violated Zen's due process rights, and in doing so issued an advisory opinion. Both errors are grounds warranting a motion to reconsider. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)

1

("a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law").

**Discussion**

The Commission's position that the "Court found nothing inherently -contrary to constitutional right,' *see* 5 U.S.C. § 706(2)(B), in the Commission's interpretation and application of the Consumer Product Safety Act ("CPSA") and its regulations," ECF No. 61 at 3,[1] is inconsistent with this Court's ruling.  The Court specifically found that the Commission violated Zen's constitutional due process rights when it issued the Final Decision and Oder ("FDO"), *see* ECF No. 50 at 30, which was issued pursuant to the Consumer Product Safety Act ("CPSA") and the Commission's regulations.  Therefore, the Commission necessarily violated Zen's constitutional right to due process in its application of the CPSA and the Commission's regulations.  As a consequence, this Court was required to find a violation of 5 U.S.C. § 706(2)(B) once it made the determination that Zen's constitutional rights were infringed upon by Commission.  The Tenth Circuit has clearly taught that "[t]he APA . . . compels [the Court] to -set aside agency action, findings and conclusions found to be . . . contrary to constitutional right.'" *Direct Communs. Cedar Valley, LLC v. FCC*, 753 F.3d 1015, 1041 (10th Cir. 2014) (quoting 5 U.S.C. § 706(2)(B)).  *See also Latif v. Holder*, 28 F. Supp. 3d 1134, 1163 (D. Or. 2014) ("Because

---

[1] The Commission states that the Court did not find anything "inherently -contrary to constitutional right'" in the Commission's actions, but, "rather, the Court faulted, from a due process standpoint, the participation of Commissioner Adler."  ECF No. 51 at 3-4.  To be clear, it was not Commissioner Adler's mere participation that violated Zen's due process rights.  Instead, it was Commissioner Adler's statements that left "no room to find that Zen enjoyed a decision by a fair tribunal."  Order, ECF No. 50 at 29.  Moreover, a finding that Zen's constitutional due process rights were violated by the CPSC in issuing the FDO is itself a finding that the Commission's actions were "inherently" contrary to Zen's constitutional right to a fair, impartial tribunal.

the Court has already concluded the DHS TRIP process violates Plaintiffsô procedural due-process rights, the Court also concludes the DHS TRIP process violates § 706(2)(B) of the APA.ò). Zen has asked the Court to correct this error of law in its Fed. R. Civ. P. 59(e) motion.

To be clear, Zen does not wish, as the Commission alleges, to have this Court ñdeclare the specific findings and conclusions in the FDO unlawful to constrain the Commissionôs ability to evaluate the record and conduct an impartial review on remand.ò ECF No. 61 at 4. To the contrary, Zen does not challenge a vacatur of the FDO and a remand to the Commission. Zen merely seeks to have this matter decided on the merits by a fair and impartial tribunal. Indeed, it was Zenôs desire to have this matter decided by an impartial tribunal that culminated in this case coming before this Court. Zen further asks that this Court refrain from passing judgment on the merits of the FDO by way of issuing what is essentially an advisory opinion. The Court found that the FDO was the product of a biased, partial tribunal. *See* Order, ECF No. 50 at 30 (ñóthere is no way which we know of whereby the influence of one upon the others can be quantitatively measuredôò) (quoting *Cinderella Career & Finishing Schools, Inc. v. F.T.C.*, 425 F.2d 583, 592 (D.C. Cir. 1970)). It would seem, therefore, that any comment on the merits of the FDO would diminish the likelihood of the Commissionôs future objectivity and impartiality when it addresses the same issues on remand.

Zen stands on the remainder of its arguments made before this Court in its Motion to Alter or Amend Judgment.

WHEREFORE, Zen respectfully requests that this Court alter or amend its judgment to find that the Commissionôs findings, conclusions, and agency action were unlawful and must be set aside pursuant to 5 U.S.C. § 706(2)(B), and that a substantive discussion of Zenôs arbitrary and capricious claim constitutes an advisory opinion, which should then be vacated as extra-

constitutional.

DATED this 14th day of August, 2018.

RESPECTFULLY SUBMITTED,

LEVIN JACOBSON JAPHA, P.C.

S/ David C. Japha
950 South Cherry Street, Ste. 912
Denver, CO 80246
(303) 964-9500; (303) 504-4242
Fax: 1-866- 260-7454
email: davidjapha@japhalaw.com; djapha@ljjlaw.com
Attorney for the Plaintiff Zen Magnets, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses: Roger.Gural@usdoj.gov

s/ David Japha